IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA



FILED
SEP 30 1998
ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY K. Buchholz DEPUTY

KENNETH VIDEL KIRK,            )
                               )
            Petitioner,        )
                               )
vs.                            )     No. CIV-98-774-C
                               )
KEN KLINGLER,                  )
                               )
            Respondent.        )


DOCKETED

REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing pro se, brings this action pursuant to 28 U.S.C. §2254 seeking a writ of habeas corpus. Respondent has filed a motion to dismiss on the ground that the applicable 28 U.S.C. §2244(d)(1) limitation period has expired. Petitioner has replied, placing the matter at issue. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B). For the reasons set forth herein, it is recommended that Respondent's motion be granted.

Petitioner attempts to challenge the convictions entered against him in the District Court of Oklahoma County, Case No. CF-94-795, on April 24, 1995.[1] As grounds for relief Petitioner

---

[1] The convictions and terms of imprisonment imposed for each conviction in Case No. CF-94-795 are identified in the record as follows, see Respondent's Brief in Support of Motion to Dismiss, Exs. A and B:
   Racketeering - Count 1 - 65 years;
   Robbery with Firearms - Counts 6, 7, 8, 9, 26, 27, 39, 40, 50, 51, 52, 53, 62, 63, 71, 72, 73, 81 and 82 - 20 years on each count;
   Possession of a Firearm After Former Conviction of a Felony - Counts 22, 25, 32, 43, 47, 60, 68, 77 and 90 - 10 years on each count;
   Assault and Battery with a Dangerous Weapon - Counts 10, 11 and 58 - 20 years on each count;

alleges that (1) the trial court erred by instructing the jury during voir dire that Petitioner was presumed not guilty, referring to the "O.J. Simpson" trial, and commenting on his right to remain silent; (2) the trial court failed to excuse a juror for cause; (3) the trial court failed to suppress illegally obtained evidence; and (4) there was insufficient evidence to sustain his convictions for "shooting with intent to kill, rape in the first degree, robbery, pointing a firearm, assault, racketeering, maiming, conspiracy to commit a felony, possession of firearm AFCF, assault while wearing a mask."

## Discussion

Effective April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (the "Act"), Pub.L. No. 104-132, 110 Stat. 1214, introduced for the first time a statute of limitations with respect to the filing of habeas petitions and motions to vacate federal sentences. See Vasquez v. Hillery, 474 U.S. 254, 265 (1986)("Congress has yet to create a statute of limitations for

---

        years on each count;
Maiming - Counts 13 and 14 - 70 years on each count;
First Degree Rape - Counts 15, 29 and 78 - 150 years on each count;
Assault While Wearing a Mask - Counts 17 and 42 - 10 years on each count;
Unauthorized Use of a Vehicle - Counts 21, 30 and 91 - 5 years on each
    count;
Attempted Robbery with Firearms - Count 23 - 25 years;
Shooting with Intent to Kill - Count 24 - 80 years;
Shooting with Intent to Kill - Count 59 - 20 years;
Concealing Stolen Property - Counts 38, 46 and 48 - 10 years on each count;
Pointing a Firearm at Another - Count 64 - 15 years;
Pointing a Firearm at Another - Count 74 - 50 years;
Pointing a Firearm at Another - Counts 83, 84, 85, 86 and 87 - 20 years on
    each count;
Conspiracy to Commit a Felony - Count 95 - 50 years.

federal habeas corpus actions."). With certain variations not relevant here, the Act's limitation period is one year from the date on which the prisoner's conviction became final. See 28 U.S.C. §2244(d)(1)-(2).

Petitioner appealed his convictions in Case No. CF-94-795 and on October 28, 1996, the Oklahoma Court of Criminal Appeals (OCCA) issued a summary opinion. Because the OCCA found merit to several propositions of error raised by Petitioner, the Court reversed with instructions to dismiss Counts 21, 30, 91, 95, 10, 73, and remanded with instructions to modify the judgment and sentences in Counts 17 & 42. All other counts were affirmed. Respondent's Brief in Support of Motion to Dismiss (Respondent's MTD), Ex. B (Kirk v. State, Case No. F-95-401). Citing Caspari v. Bohlen, 510 U.S. 383, 390 (1994) and United States v. Simmonds, 111 F.3d 737, 744 (10th Cir. 1997), Respondent asserts that because Petitioner did not seek certiorari review by the United States Supreme Court within 90 days following the OCCA's summary opinion, his conviction became "final" for purposes of 28 U.S.C. §2244(d) on or about January 26, 1997, giving him until January 26, 1998, to file his habeas petition pursuant to 28 U.S.C. §2244(d)(1)(A).[2]

Although Petitioner does not dispute that he did not seek certiorari review of his conviction, he presents several arguments as to why he had not concluded state appellate direct review of his

---

[2] The Act defines the date of final judgment as the "conclusion of direct review or the expiration of the time for seeking such review[.]" 28 U.S.C. §2244(d)(1)(A).

convictions on October 28, 1996, as asserted by Respondent. First, he argues that a "direct review" of his convictions was not completed until January 13, 1997, when the OCCA issued an "Order Correcting Summary Opinion," and therefore the relevant 90 days for seeking certiorari review by the Supreme Court should be added to that date before beginning the calculation of his one-year limitation period. See Respondent's MTD, Ex. C. However, a review of such order shows that the OCCA entered the order to correct a scrivener's error in the October 28, 1996, summary opinion with respect to the sentence modification on Counts 17 and 42.[3] Thus, as the January 13, 1997, order did not change or affect the state appellate court's decision in any way, the undersigned finds that the order had no effect on the calculation of Petitioner's one-year period.

Next, Petitioner essentially argues that because the OCCA remanded to the state district court for modification of the judgments and sentences on Counts 17 and 42, an amended judgment and sentence was necessary, and the OCCA's October 28 summary opinion was not final for purposes of filing a petition for certiorari to the Supreme Court. The United States Supreme Court

---

[3]The October 28, 1997, OCCA summary opinion ordered that Counts 17 and 42, assault and battery while wearing a mask, were to be modified to assault and battery and the "sentences be MODIFIED to **five (90)** days in the county jail on each count." Respondent's MTD, Ex. B at 5. In the January 13, 1997, Order Correcting Summary Opinion, the Court corrected the discrepancy regarding sentence modification for Counts 17 and 42, ordering that the "sentences be MODIFIED to **(90) ninety** days in the county jail on each count." Id., Ex. C (emphasis added).

4

highest court of the State in which decision may be had." <u>Flynt v. Ohio</u>, 451 U.S. 619, 620 (1981). A judgment is not final if the appellate court has remanded the case to the lower court for further proceedings, unless the remand is for a purely "ministerial" purpose, involving no discretion. <u>United States v. F.& M. Schaefer Brewing Co.</u>, 356 U.S. 227, 233-34 (1958). Here, the OCCA left no discretion to the state district court upon remand and issued specific instructions as to the modification of both the judgments and the sentences. Thus, nothing further remained to be determined by the state district court. Therefore, the undersigned finds that had Petitioner desired to seek review of any federal issues that had received "final" adjudication by the state court, he could have filed a petition for certiorari in the Supreme Court within 90 days of the October 28, 1996, decision by the OCCA. Accordingly, Petitioner's one year statutory period began on January 26,1997, allowing him until on or about January 26, 1998, to file his habeas petition.

However, "[t]he time during which a properly filed application for State post-conviction or other collateral review . . . is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. §2254(d)(2). Petitioner filed an application for post-conviction relief in the Oklahoma County District Court on October 20, 1997, thus tolling the running of the one-year limitation period with 99 days left. Respondent's MTD, Ex. D. The post-conviction application was denied by the district court on January 27, 1998. <u>Id.</u>, Ex. E. Petitioner did not seek an

D.  The post-conviction application was denied by the district court on January 27, 1998. Id., Ex. E. Petitioner did not seek an appeal of the district court's decision. Thus, because Petitioner failed to appeal, his post-conviction proceeding was no longer "pending" for tolling purposes, as of January 27, 1998, and the one-year limitation period began running again, giving Petitioner only until May 6, 1998, to file his habeas petition timely. See Hoggro v. Boone, 150 F.3d 1223, 1227 n.4 (10th Cir. 1998)(statute tolled "only for the period when the petitioner's 'properly filed' post-conviction application is being pursued). Although the petition was filed in this Court on June 4, 1998, the envelope in which the petition was mailed is postmarked May 20, 1998. However, even considering May 20, 1998, as the date Petitioner's §2254 petition was received for purposes of the limitation period, the undersigned finds the petition is untimely.

The Tenth Circuit has recognized that the limitation period "may be subject to equitable tolling." Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998), petition for cert. filed, (July 10, 1998) (U.S. No. 5195)(citing Calderon v. U.S. District Court for the Central District of California, 128 F.3d 1283, 1286 (9th Cir. 1997), cert. denied, 118 S.Ct. 899 (1998), [and cert. denied, 118 S.Ct. 1389 (1998)]). The Court in Calderon, noted, however, that "[e]quitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." Id. Petitioner presents no argument for

6

equitable tolling and does not assert in his petition a constitutional claim that would render the habeas remedy inadequate or ineffective, e.g., a claim of a constitutional violation resulting in the conviction of one who is actually innocent or incompetent. See Miller, 141 F.3d at 978. Thus, the undersigned finds that Petitioner has failed to present a basis for such equitable tolling of the limitation period nor are any "extraordinary circumstances" apparent from the record.

Neither Petitioner's pro se status nor his lack of knowledge or misunderstanding of habeas corpus law, specifically the new time limitations in 28 U.S.C. §2244(d), would excuse his untimely petition. See Miller, 141 F.3d at 978 (petitioner's lack of awareness of limitation period insufficient basis for equitable tolling); Watson v. New Mexico, 45 F.3d 385, 388 (10th Cir. 1995)(in procedural default context, petitioner's lack of knowledge of the law is not an "external factor" sufficient to establish "cause"); see also Brown v. Superintendent, Elmira Correction Facility, No. 97 ICV. 3303 (MBM), 1998 WL 75686, at *4 (S.D. N.Y. Feb. 23, 1998) ("A self-serving statement that the litigant is ignorant of the law is not grounds for equitable tolling of [the Act's] statute of limitations.")(unreported decision).

Accordingly, the undersigned finds that Petitioner has filed his habeas petition beyond the applicable one-year period, as extended by the tolling provisions of §2244(d)(2), and that there are no statutory or equitable bases for tolling the limitation period. Thus, it is recommended that the petition be dismissed as

untimely.

### Recommendation

For the reasons discussed herein, it is the recommendation of the undersigned Magistrate Judge that the petition for a writ of habeas corpus be deemed untimely and that Respondent's motion to dismiss [Doc. No. 9] be granted. Petitioner is advised of his right to object to this Report and Recommendation by the 15 day of October, 1998, in accordance with 28 U.S.C. §636 and LCvR 72.1. Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives any right to appellate review of both factual and legal issues contained herein. Moore v. United States, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this 30 day of September, 1998.

BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE